# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ROBERT REISER and § <br> TERESA REISER § <br> § <br> V. § <br> § <br> DEUTSCHE BANK NATIONAL TRUST § <br> COMPANY, AS INDENTURE TRUSTEE § <br> OF THE AAMES MORTGAGE § <br> INVESTMENT TRUST 2004-1, § <br> OCWEN LOAN SERVICING, LLC and § <br> MACKIE WOLF ZIENTZ & MANN, P.C. § | CASE NO. 4:13-CV-424 <br> Judge Mazzant |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion for Judgment on the Pleadings of Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #38). Having considered the relevant pleadings, the Court is of the opinion that the motion to dismiss should be granted.

Plaintiffs filed their original petition in state court. On July 29, 2013, Defendants Deutsche Bank National Trust Company, as Indenture Trustee of the AAMES Mortgage Investment Trust 2004-1 ("Deutsche") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") filed a Notice of Removal. Defendants removed this case pursuant to diversity jurisdiction. Plaintiffs also sued non-diverse Defendant Mackie Wolf Zientz & Mann, P.C. ("Mackie"). In their Notice of Removal, Defendants asserted that Mackie was improperly joined as a Defendant in this case because Mackie is sued in its capacity as legal counsel for Defendants and there are no claims asserted specifically against Mackie. Typically, the issue of improper joinder would be resolved when Plaintiffs filed a motion to remand; however, Plaintiffs did not file a motion to remand. Instead, Mackie has filed a Motion for Judgment on the Pleadings of Plaintiffs' First Amended

Complaint Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #38). On March 3, 2014, Plaintiffs filed a response (Dkt. #42). On March 10, 2014, Mackie filed a reply (Dkt. #46).

As a threshold matter, the Court must first determine whether Defendant Mackie has been properly joined as a party to this action. In doing so, the Court will also decide Mackie's Motion to Judgment on the Pleadings. Although the citizenship of the parties has not been brought into contention through a motion to remand, it is clear from the face of the Notice of Removal that the parties are not completely diverse. There is no dispute that Mackie is a citizen of Texas. Defendants maintain, however, that Mackie is improperly joined in this action, and that its citizenship should therefore be disregarded when determining diversity.

The standard for determining improper joinder is very similar to the standard that the Court applies in deciding a motion to dismiss.

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will

be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood*, 385 F.3d at 573.

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284

(5th Cir. 2007). However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *Guillory*, 434 F.3d at 311. Thus, because the determination of whether Mackie is properly joined necessarily involves a determination of whether Plaintiffs have made out a claim for relief against Mackie under state law, the Court may concurrently determine whether Mackie was properly joined and rule on Mackie's Motion for Judgment on the Pleadings.

Mackie asserts that it is named as a Defendant in this case solely in its capacity as attorneys on behalf of Deutsche Bank and Ocwen. Mackie argues that it cannot be held liable as the agent for Deutsche Bank or Ocwen in their capacities as attorneys.

"Texas courts have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client." *Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-00699-cv, 2008 WL 2938823, at *2 (Tex. App.–Austin July 29, 2008, no pet.). "This doctrine—often termed 'attorney immunity'—derives from the policy goal of protecting the public's ... interest in loyal, faithful and aggressive representation by the legal profession." *Id.* The attorney immunity doctrine "recognizes that '[i]f an attorney could be held liable to an opposing party for statements made or actions taken in the course of representing his client, he would be forced constantly to balance his own personal exposure against his client's best interest.'" *Id.*

"Whether immunity attaches turns on the type of conduct in which the lawyer is engaged, not whether the conduct was meritorious in the context of the underlying litigation." *Id.* at *3 "[T]he

dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit." *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996). "The types of conduct to which immunity applies are those involving 'the office, professional training, skill, and authority of an attorney.'" *Reagan*, 2008 WL 2938823, at *3 "[E]ven when acting in a representative capacity, attorneys are not immune from liability when they engage in conduct that a non-attorney could have performed." *Dixon Fin. Servs., Ltd. v. Chang*, 325 S.W.3d 668, 682 (Tex. App.–Houston [1st Dist.] 2010, pet. denied).

In this case, the conduct of providing legal oversight and assistance with the enforcement of security instruments in real property requires the professional training, skill, and expertise of an attorney. Mackie was retained as legal counsel to assist Defendants with the home foreclosure process in order to protect client's interest in the property at issue. Attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. Texas law is clear that attorneys are immune from claims like those of the Plaintiffs, and must remain immune in the interest of the orderly administration of the civil justice system. *See Lewis v. Am. Exploration Co.*, 4 F. Supp. 2d 673 (S.D. Tex. 1998). The Court finds that Mackie is entitled to attorney immunity in this case.

Moreover, Plaintiff's allegations do not support an independent claim against Mackie. The general factual bases for Plaintiffs' claims against Mackie is that Mackie is attempting to collect amounts not authorized by the Plaintiffs' loan agreement by providing a payoff statement on behalf of its clients. These claims, even if they were meritorious, could not be imputed to Defendants, and do not support independent causes of action against them. Therefore, there are no plausible claims asserted against Mackie and when the improperly joined Defendant is disregarded, complete

diversity exists and removal in this case was proper.

It is therefore ORDERED that Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion for Judgment on the Pleadings of Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #38) is hereby GRANTED and Defendant Mackie Wolf Zientz & Mann, P.C. is hereby DISMISSED.

**SIGNED this 23rd day of April, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE